UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
CIVIC CONVERSATIONS, LLC,

          Plaintiff,

     -against-

MT. HAWLEY INSURANCE COMPANY
ET ANO.,

          Defendants.
```

24-cv-1692 (JSR)

OPINION AND ORDER

JED S. RAKOFF, U.S.D.J.:

This case arises from an insurance dispute between plaintiff Civic Conversations, LLC and its property insurers, defendants Mt. Hawley Insurance Company and Renaissance Re Syndicate 1458 Lloyd's ("RenRe").[1] Plaintiff submitted a claim regarding damage that its office building allegedly sustained during Hurricane Sally. After conducting a claim investigation, defendants agreed to cover some, but not all, of the damage. In particular, defendants refused to cover the costs of replacing a skylight in the lobby and various other windows. According to defendants, the skylight and windows were damaged by improper installation and maintenance and subsequent wear and tear predating the hurricane — none of which was covered by plaintiff's insurance policy. Plaintiff filed suit against defendants seeking to recover the cost of replacing the skylight and windows. Defendants

---

[1] Defendant RenRe is a signatory to plaintiff's insurance policy and is responsible for a certain percentage of any judgment or settlement resulting in a payment to plaintiff. However, RenRe was not involved in the underlying claim investigation and deferred entirely to Mt. Hawley's claim decision in this case.

have now moved for summary judgment. For the reasons stated below, the Court grants their motion.

## I.    Background

In 2017, plaintiff purchased a nine-story office building in Pensacola, Florida. With the help of a general contractor and two subcontractors, plaintiff proceeded to conduct various renovations on the building, including installing a skylight over the main lobby in 2018. The skylight leaked upon installation. Although the general contractor and subcontractors made several attempts to repair the skylight, it continued to leak through 2020.

In 2020, defendants agreed to insure the building from August 2020 to August 2021 pursuant to an insurance policy. See ECF No. 24, Ex. 1 ("Insurance Policy"). Under the policy's appraisal provision, if the parties disagreed on the amount of loss associated with a claim either party could make a written demand for appraisal. As part of the appraisal process, each party was required to select its own appraiser to determine the amount of covered loss and provide itemized calculations of the actual cash value of, and the cost of replacing, any damaged items. If the appraisers reached different conclusions, then they were required to submit their calculations to an impartial umpire, who would make her own determinations as to the amount of loss, the cash value of any damaged items, and the cost of replacing them. A decision reached by any two of the appraisers and the umpire was technically "binding" on the parties, but defendants nevertheless "retained [the] right to deny the claim." Id. at 91.

2

Three additional provisions of the policy are relevant here. First, the policy stated that "[a]ll matters" arising under it were to be "determined in accordance with the law and practice of the State of New York." Id. at 92. Second, the policy specified that insurance coverage was "void in any case of fraud by [plaintiff]" or "if [plaintiff] or any other insured, at any time, intentionally conceal[ed] or misrepresent[ed] a material fact" concerning the building or any insurance claim. Id. at 43. Third, the policy provided that "[n]o one [could] bring a legal action against [defendants]" unless "[t]he action [was] brought within 2 years after the date on which the direct physical loss or damage occurred." Id.

On September 16, 2020, Hurricane Sally struck Florida. Two days later, plaintiff timely notified defendants of a claim for resulting damage, including damage to the skylight and various other windows. The parties disagreed on the amount of covered loss and plaintiff invoked appraisal. Defendants' appraiser determined that the skylight and windows were damaged by improper installation and maintenance and wear and tear predating Hurricane Sally and therefore excluded the cost of replacing them from its loss calculations. By contrast, plaintiff's appraiser determined that Hurricane Sally had exacerbated preexisting damage to the skylight and windows and therefore included the cost of replacing them in its loss calculations. On March 27, 2023, after considering both parties' submissions, an impartial umpire entered an appraisal award that included the cost of replacing the skylight and windows. In a letter dated April 21, 2023, defendants

3

agreed to pay the award <u>minus</u> the costs associated with the skylight and windows.

On February 5, 2024, plaintiffs filed suit in New York Supreme Court, alleging that defendants breached both the policy and the implied covenant of good faith and fair dealing by failing to pay the full appraisal award. Defendants removed to this Court on the basis of diversity and filed an answer to the complaint. Two months later, after the parties had served written discovery but before they had taken depositions or conducted any additional discovery, the Court granted defendants' unopposed motion to amend their answer to include a new affirmative defense. Shortly thereafter, defendants filed an amended answer, which raised the policy's two-year suit limitation for the first time. Although defendants did not move to dismiss the complaint, they have now moved for summary judgment on both of plaintiff's claims.

## II.  Legal Standard

"Summary judgment is appropriate only when no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law."[2] <u>Cunningham v. Cornell Univ.</u>, 86 F.4th 961, 980 (2d Cir. 2023). "A fact is material if it might affect the outcome of the suit under the governing law." <u>Id.</u> "An issue of material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." <u>Id.</u> In assessing a motion for summary

---

[2] Unless otherwise indicated, case quotations omit all internal alterations, citations, footnotes, and quotation marks.

judgment, the Court "must construe the facts in the light most favorable to the non-moving party and must resolve all ambiguities and draw all reasonable inferences against the movant." Id.

**III. Discussion**

Defendants raise two primary arguments in support of their motion for summary judgment. First, defendants claim that plaintiff violated the fraud provision by engaging in a multi-year scheme to defraud them of the cost of replacing the skylight. Drawing on a series of emails sent and received by various officials at plaintiff Civic Conversations, defendants argue that plaintiff concealed several material developments relating to the skylight, including that: (1) the skylight leaked upon installation; (2) plaintiff's general contractor and subcontractors made several attempts to repair it; (3) plaintiff's general contractor commissioned a third-party consultant to determine the cause and extent of the damage to the skylight after Hurricane Sally; (4) the third-party consultant determined that the skylight was damaged by design, manufacturing, and installation deficiencies; and (5) plaintiff's subcontractors successfully replaced the skylight at no cost to plaintiff before plaintiff filed suit.[3] Second, defendants argue that plaintiff brought

_____

[3] Relatedly, defendants also argue that dismissal is an appropriate sanction because plaintiff committed fraud on the Court by filing this lawsuit to recover the cost of replacing the skylight after the skylight had already been replaced at no cost to plaintiff. As explained below, the Court does not consider this argument because it grants defendants' motion based on the policy's suit limitation provision.

this action outside the policy's two-year limitation period. Plaintiff contests both grounds for dismissal with respect to its breach of contract claim, but is no longer pursuing its claim under the implied covenant of good faith and fair dealing. See ECF No. 26 ("Memorandum in Opposition") at 22.

If plaintiff's suit is barred by the policy's suit limitation provision, then the Court need not consider whether plaintiff engaged in a scheme to defraud defendants of the cost of replacing the skylight. Accordingly, the Court begins by considering both parties' arguments with respect to that provision.

### A.    Governing Law

Plaintiff does not dispute that the damage at issue allegedly occurred on September 16, 2020 and that it filed suit almost three-and-a-half years later on February 5, 2024. Instead, plaintiff argues that defendants waived their suit limitation defense by raising it for the first time in their amended answer. As the Second Circuit recognized in New York v. AMRO Realty Corp., 936 F.2d 1420, 1431 (2d Cir. 1991), "New York law establishes that an insurer is deemed, as a matter of law, to have intended to waive a defense to coverage where other defenses are asserted, and where the insurer possesses sufficient knowledge (actual or constructive) of the circumstances regarding the unasserted defense." So where, for example, an insurer did not argue that an insured party failed to provide timely notice of damage as required under its insurance policy in denying that party's insurance claim, the insurer waived its right to raise a late-notice defense in

any subsequent litigation regarding that claim. See id. at 1429-33.
The Second Circuit has since reaffirmed AMRO's holding on several
occasions. See, e.g., Chapman v. ChoiceCare Long Island Term Disability
Plan, 288 F.3d 506, 510 (2d Cir. 2002) ("[I]n the context of New York
insurance law, we have held that an insurer is deemed . . . to have
intended to waive a defense to coverage if it failed to assert the
defense when denying coverage to its insured."); see also Juliano
Health Maintenance Org. of N.J., Inc., 221 F.3d 279, 288 (2d Cir.
2000) ("We are aware that under the law applicable to insurance
policies, an insurer may be barred from raising defenses not asserted
in communications to the insured denying coverage.").

Plaintiff argues that this case is squarely governed by AMRO and
its progeny. The building suffered damage on September 16, 2020, so
the suit limitation period for its claim ran through September 16,
2022. Defendants denied coverage outside the limitation period on
April 21, 2023, shortly after the appraisal process concluded. Even
though defendants therefore "possess[ed] sufficient knowledge . . . of
the circumstances regarding the unasserted defense" when they denied
coverage, AMRO, 936 F.2d at 1431, they did not raise the policy's suit
limitation provision in either their denial letter or their original
complaint. According to plaintiff, defendants therefore waived their
right to raise a suit limitation defense in this case.

Defendants do not contest that they raised the defense for the
first time in their amended answer. Instead, they argue that they
reserved their right to raise it in their denial letter. In that

letter, after informing plaintiff that they would not be paying for
the skylight and windows, defendants stated:

> Please be advised that we are not waiving our rights to assert
> any and all other rights or defenses under the Policy or
> applicable law. Mt. Hawley's payment of a portion of the appraisal
> award and our rejection of other portions of the award is made
> without prejudice to any defenses or rights that Mt. Hawley may
> have and without waiver of any of the terms, conditions, or
> provisions of the Policy.

ECF No. 24, Ex. 9 ("April 21, 2023 Correspondence") at 5. According
to defendants, this general reservation of rights was sufficient to
reserve its right to raise the policy's two-year suit limitation in
its amended answer.

Neither the New York Court of Appeals nor the Second Circuit has
specifically considered the enforceability of general reservations
like the one at issue here. However, several district courts in the
Second Circuit, including this one, have declined to enforce them. As
this Court recently explained in Mave Hotel Investors LLC v. Lloyd's
London, No. 21-cv-8743, 2023 WL 2871345, at *4 (S.D.N.Y. Apr. 10,
2023), "AMRO expressly left open the question of whether . . . an
express waiver of rights would prevent waiver, including
where . . . the reservation is generic and does not specifically call
out any defense." Although "the cases on this question are mixed,"
this Court found "persuasive" a different case from the Southern
District of New York, which concluded that "'boilerplate language' in
a denial of coverage letter '[wa]s insufficient' to preserve specific
alternative grounds for [a] denial of coverage." Id. (quoting Hunt
Constr. Grp., Inc. v. Berkely Assurance Co., 503 F. Supp. 3d 106, 115

(S.D.N.Y. 2020)). This Court also observed that "while there is a strong policy rationale for allowing insurers broad discretion to rely on reservations-of-rights during their initial investigation — so as not to incentivize insurers to deny coverage immediately on bases they might later reconsider so as to avoid waiving them — it makes much less sense to allow 'boilerplate' reservation-of-rights language in a final denial of coverage to preserve defenses not explicitly raised at that point." Id. at 5. Consistent with Mave Hotel Investors LLC and Hunt Construction Group, Inc., the Court therefore declines to enforce defendants' general reservation of rights in their denial letter.

The Court nevertheless sides with defendants on a different ground: to wit, that a suit limitation defense is materially different from the aforementioned defenses that can be waived by lack of timely assertion. Specifically, a suit limitation provision is, unlike the waivable defenses relating to scope-of-coverage discussed above, a prohibition on an insured's belatedly bringing suit, and hence need not be invoked until an insured attempts to bring a suit.

Neither the Court nor the parties has identified a case applying New York law and holding that when an insurer fails to invoke a suit limitation provision either when denying coverage or in its original answer that insurer waives its right to raise that defense in an amended answer. To the contrary, at least one district court in the Second Circuit has specifically considered whether, under New York law, an insurer waived its suit limitation defense by failing to raise it when it denied coverage and concluded that it had not — albeit on

the ground that its correspondence denying coverage included a general reservation of rights like the one that defendants invoke here. See Cedar & Washington Assocs., LLC v. U.S. Fire Ins. Co., No. 06-cv-2515, 2006 WL 8460237, at *4-5 (S.D.N.Y. Sept. 26, 2006).

Existing principles of New York insurance law do not suggest that an insurer must first raise its suit limitation defense when denying coverage or in its original answer. The New York Court of Appeals has held that "an insured must comply with a property insurance policy's time to sue provisions if it wishes to litigate a denial of coverage." Plon Realty Corp. v. Travelers Ins. Co., 533 F. Supp. 2d 391, 394 (S.D.N.Y. 2008). "When a defendant meets its initial burden of establishing, prima facie, that the . . . limitations period found in the insurance policy expired before the commencement of the action, the burden then shifts to the plaintiff to establish that an exception to the limitation period applies." Pfeffer v. Harleysville Grp., No. 10-cv-1619, 2011 WL 6132693, at *7 (E.D.N.Y. Sept. 30, 2011). To satisfy that burden, the plaintiff must demonstrate either that the insurer "engaged in a course of conduct which lull[ed] the [plaintiff] into inactivity in the belief that its claim [would] be paid" or that the plaintiff was "induced by fraud or misrepresentation to refrain from commencing a timely action." Plon Realty Corp., 533 F. Supp. 2d at 395. In addition, New York courts have repeatedly recognized that insurers have "no duty to advise an insured of a limitations period." Endemann v. Liberty Ins. Corp., 390 F. Supp. 3d. 362, 377 (N.D.N.Y.

2019) (gathering cases). None of these principles hinges on when an insurer first raises a suit limitation defense.

Other waiver-specific principles are also informative. As AMRO makes clear, "[i]n the insurance context, New York law defines waiver as a voluntary and intentional relinquishment of a known right." AMRO, 936 F.2d at 1431. "Such intention must be unmistakably manifested, and is not to be inferred from a doubtful or equivocal act, nor can it be created by negligence, oversight, or thoughtlessness." Francabandiero v. Nat'l Gen. Ins. Co., No. 22-cv-641, WL 2253194, at *5 (W.D.N.Y. Feb. 23, 2024). Consistent with these traditional waiver principles, it would seem to follow that where an insurer does not raise a suit limitation defense in its original answer for whatever reason, but subsequently raises it in its amended answer, the insurer does not voluntarily and intentionally relinquish it.

Without further guidance from the New York courts or the Second Circuit, the Court declines to extend AMRO's holding to suit limitation defenses. Unlike AMRO and its progeny, this case concerns a bar to litigation, not insurance coverage. See JLD Properties of St. Albans, LLC v. Patriot Ins. Co., 576 F. Supp. 172, 184 (D. Vt. 2021) ("While an insurer waives additional defenses that are not raised or reserved in an initial denial of coverage, this does not bar the application of a suit limitation provision. A suit limitation provision is not a denial of coverage but the time period in which a suit regarding coverage must be filed."). Insurers necessarily raise defenses based on suit limitation provisions if and when insured parties file suit

against them, not when they deny coverage. After all, when insurers deny coverage, they do not yet know whether (or, for that matter, when) insured parties will file suit against them. In theory, insurers could preemptively raise their right to invoke suit limitation defenses in their pre-litigation correspondence with insured parties. Cf. Cedar & Washington Associates, LLC, 2006 WL 8460237, at *5 (suggesting that insurers can both raise and waive suit limitation defenses if they deny coverage after a limitation period has already expired). However, given that insurers have "no duty to advise an insured of a limitations period," Endemann, 390 F. Supp. 3d. at 377, the Court sees no reason to require them to do so in order to preserve those defenses.

The Court is similarly reluctant to recognize a bright-line rule requiring insurers to raise suit limitation defenses in their original answers. "[A] defendant may amend its answer under [Federal] Rule [of Civil Procedure] 15 to add affirmative defenses."[4] Jones v. Cattaraugus-Little Valley Cent. Sch. Dist., 96 F.4th 539, 546 (2d Cir. 2024). However, "[g]rant of leave to amend the pleadings pursuant to Rule 15 . . . is within the discretion of the trial court." SCS Commc'ns, Inc. v. Herrick Co., 360 F.3d 329, 345 (2d Cir. 2004). "[L]eave to amend may only be given when factors such as undue delay or undue prejudice to the opposing party are absent." Id. (emphasis omitted). In light of the existing protections baked into Rule 15, the

---

[4] Pursuant to Federal Rule of Civil Procedure 81(c)(1), the federal rules "apply to a civil action after it is removed from a state court."

Court declines to articulate and apply an additional requirement with respect to suit limitation defenses only.

For all these reasons, the Court holds that an insurer does not waive a suit limitation defense by omitting it from its denial letter or its original answer.[5]

**B. Application**

Returning to the facts of this case, both parties agree that plaintiff filed suit outside the limitation period, almost three-and-a-half years after its office building was allegedly damaged by Hurricane Sally. Defendants timely sought dismissal of the complaint in their amended answer on the ground that plaintiff violated the litigation bar by bringing suit more than two years after the claim accrued. The burden therefore shifted to plaintiff to establish that an exception to the limitation period applies.

The Court concludes that plaintiff has not met its burden. Plaintiff has not identified any evidence suggesting that defendants "engage[d] in a course of conduct which lull[ed] [plaintiff] into inactivity in the belief" that defendants would pay the full appraisal award or that plaintiff was "induced by fraud or misrepresentation to refrain from commencing a timely action." Plon Realty Corp., 533 F.

---

[5] Where, however, an insurer fails to raise a suit limitation defense in its original answer and the district court denies leave to amend based on undue delay or prejudice, such a defense may well be forfeited. See Hamer v. Neighborhood Housing Servs. of Chi., 583 U.S. 17, 20 n.1 (2017) (distinguishing forfeiture from waiver). Here, plaintiff does not argue that defendants forfeited their suit limitation defense.

Supp. 2d at 395. Nor has plaintiff demonstrated that defendants affirmatively and explicitly relinquished their right to raise a suit limitation defense either in their prelitigation correspondence or while litigating this action.

That is the end of the matter. However, to the extent plaintiff also challenges the district court's grant of defendants' application to amend their answer, plaintiff has not established that it suffered any undue prejudice from such grant. As a party to the policy, plaintiff was aware of and agreed to abide by the suit limitation provision as early as August 2020. Defendants moved to amend their answer to add a new affirmative defense just two months after they filed their original answer and well before the close of discovery and the commencement of summary judgment motions practice. And plaintiff explicitly consented to defendants' application to amend. Under these circumstances, plaintiff was not prejudiced by the amendment.

For the reasons stated above, the Court hereby grants defendants' motion for summary judgment based on the policy's suit limitation provision. Having determined that plaintiff's complaint is barred by that provision, the Court need not consider the parties' fraud-related arguments. The Clerk of Court is therefore respectfully directed to enter judgment dismissing the complaint with prejudice.

SO ORDERED.

New York, NY
11/12, 2024

JED S. RAKOFF, U.S.D.J.